| | | |
|---|---|---|
| IN THE MATTER OF AN APPLICATION | * | IN THE |
| OF THE STATE OF MARYLAND | * | CIRCUIT COURT |
| FOR AN ORDER AUTHORIZING THE | * | FOR |
| INSTALLATION AND USE OF A DEVICE | * | BALTIMORE CITY |
| KNOWN AS A PEN REGISTER / | * | STATE |
| TRAP & TRACE | * | OF MARYLAND |
| OVER | * | |
| 443-803-6749 | * | |

* * * * * * *

## APPLICATION

Your Applicant, Detective Julie Pitocchelli, Baltimore Police Department, pursuant to section 10-4B-03 of the Courts Article of the Code of Maryland, hereby applies for an Order authorizing the installation and use of a device known as a Pen Register \ Trap & Trace and Cellular Tracking Device to include cell site information, call detail, without geographical limits, which registers telephone numbers dialed or pulsed from or to the telephone(s) having the number(s):**443-803-6749**, a AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless; Cricket Communications, Inc; and / or any other Telecommunication service provider telephone.

In support of this application, your applicant states as follows:
Your applicant, Detective Julie Pitocchelli, Baltimore Police Department ("Agency"), has been engaged in an investigation of Derrick Smith for violations of Murder in the Second

- 1 -



DEFENDANT'S EXHIBIT 1

Degree contained in CR 2-204, et. Seq. The following information is offered in support of probable cause for the interception of real-time cell site information.

1. Detective Pitocchelli was notified by a CHS (confidential human source) that Derrick Smith worked in conjunction with other unknown males to kill Kevin Rouser on September 28, 2008. Derrick Smith has been in contact with the same CHS and has been contracted to kill another unknown male. The phone number has been in use since January 31, 2014. On February 4, 2014, an undercover police detective gave Smith a cellular phone bearing the phone number of **443-803-6749** to further coordinate the murder for hire. There have been several calls made to and from the number **443-803-6749** coordinating the murder for hire. This phone was purchased by the taskforce for this investigation only. This pen register is requested to assist in furthering this investigation into the murder for hire investigation with Derrick Smith. The CHS is a newly registered informant with the Federal Bureau of Investigation. The CHS's information has been corroborated by records and other investigations and should be considered reliable. Based on your affiant's training and experience, it is known that suspects typically use cellular phones until service is terminated or the phone becomes non-functional.

2. Your Applicant hereby certifies that the information likely to be obtained concerning the aforesaid individual's location will be obtained by learning the numbers, locations and subscribers of the telephone number(s) being dialed or pulsed from or to the aforesaid telephone and that such information is

relevant to the ongoing criminal investigation being conducted by the Agency.

**WHEREFORE**, the State of Maryland respectfully requests that this Court grant an Order:

A. Authorizing the Agency to install and use a Pen Register \ Trap & Trace and Cellular Tracking Device to include cell site information, call detail, without geographical limits upon the aforesaid telephone(s) for a period of time not to exceed sixty (60) days.

B. Directing that the Agencies shall complete the necessary installation of the Pen Register \ Trap & Trace and Cellular Tracking Device, utilizing AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider providing service for the above listed target phone number, facilities, technical information and equipment, if required.

C. Directing that if requested by the agencies, AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider, direct the target telephone number to operate according to the Global System for Mobile Communications (GSM), Code Division Multiple Access (CDMA) , or Integrated Digital Enhanced Network (iDEN) protocols as applicable.

D.  Directing that if requested by the agencies, T-Mobile and/or AT&T direct the target telephone number to operate according to the Global System for Mobile Communications (GSM) protocols.

E.  Directing that the Agencies are authorized to employ surreptitious or duplication of facilities, technical devices or equipment to accomplish the installation and use of a Pen Register \ Trap &Trace and Cellular Tracking Device, unobtrusively and with a minimum of interference to the service of the subscriber(s) of the aforesaid telephone, and shall initiate a signal to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonably available, Global Position System Tracing and Tracking, Mobile Locator tools, R.T.T. (Real Time Tracking Tool), Precision Locations and any and all locations, and such provider shall initiate a signal to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent / agencies serving the Order.

F.  Directing that there are specific and articulate facts that AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider providing service for the above listed target phone number, shall furnish the Agencies with all information,

facilities, cell site locations with sector information, any and all equipment information including (but not limited to) mobile station identification (MSID), international mobile subscriber identifier (IMSI), electronic serial number (ESN), subscriber identity module (SIM), international mobile equipment identity (IMEI) and other equipment identifying number(s), subscriber and billing information including (but not limited to) the amount of money/minutes on prepaid phones, account information including (but not limited to) customer comments, remarks, or any other customer contact notations and other phone number[s] on the account, call history records, and technical assistance necessary to accomplish the installation and use of a Pen Register \ Trap & Trace and Cellular Tracking Device, unobtrusively and with a minimum of interference to the service of the subscriber(s) of the aforesaid telephone, Global Position System Tracing and Tracking, Mobile Locator tools, R.T.T. (Real Time Tracking Tool), Precision Locations and any and all locations.

G. Directing AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider to provide twenty-four (24) hour technical support and implementation assistance.

H. Directing AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider to provide any

and all historical billing and subscriber information listed to this number and line, and / or any number(s) and line(s) that this target number has been changed to within ten (10) days prior to the implementation of this order.

I. Directing the Agency to compensate AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider for reasonable expenses for the services, which the Company is providing.

J. Directing AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider shall continue to provide the Agencies subscriber information of telephone numbers dialed from or to the aforesaid telephone, provided such request is made within ten (10) days of the expiration of the Order and provide up to 365 days of prior detailed call history information, of the aforesaid target telephone, only if requested by the Agency.

K. Directing that Verizon of Maryland, Inc., Comcast, Cavalier, AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider shall provide the Agencies with subscriber information of published and non-published telephone numbers

obtained from the aforesaid telephone, provided that the request for such information is made within ten (10) days of the expiration of the Order.

L.  Directing that AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider and its agents and employees are prohibited from disclosing to the subscriber(s) of the aforesaid telephone(s) or to any other person(s) the existence of this Application and Order, the existence of the investigation identified in the Application or the fact that the Pen Register \ Trap & Trace and Cellular Tracking Device to include cell site information, call detail, without geographical limits, is being installed and used upon the aforesaid telephone(s).

M.  Directing that the Order authorizing the installation and use of the devices apply not only to the presently assigned number(s) and line(s), but to any subsequent number(s), line(s) or service(s) assigned to replace the original number(s) or line(s); and that any change to the service(s), additional services, leased or purchased equipment, enhanced and/or special or custom feature(s), changing of mobile station identification (MSID), international mobile subscriber identifier (IMSI), electronic serial number (ESN), subscriber identity module (SIM), or international mobile equipment identity (IMEI) be disclosed to the Applicants.

N.  Directing that during the effective period of the Order, AT&T; Sprint /

Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider, shall not discontinue, suspend, or change the provision of service to the above-described telephone(s) for any reason, including but not limited to suspicion of fraud, or non-payment of outstanding bills without first providing notice to the Agencies, via the Federal Bureau of Investigation Baltimore Division at 410-265-8080 and without further providing the Agencies with the opportunity to assume the cost of any unpaid services provided by AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider. Directing the Agencies shall pay the cost of any unpaid services provided by AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider with respect to the above-described telephone(s), from the date AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider notifies the Agencies of its intention to discontinue, suspend or change the provision of service(s) to the phone(s), up until the date that the Agencies advises AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile;

Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider that it will not or will no longer assume and pay the cost of continued unpaid service(s).

O. Directing AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider will not sell or transfer the telephone number(s) or facility(ies) without prior notice to the Agency.

P. Directing that AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider provide the Agency with identical services to those received by the subscriber(s), including all communications transmitted over the telephone(s) that the subscriber(s) receive(s), regardless of which other communications common carrier'(s) facilities are involved.

Q. Directing that AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider provide the Agency with all call data content, transactional/call, data/call detail and cell site data simultaneous with all communications over 443-803-6749.

R. Directing that this Application and Order be sealed.

Respectfully submitted,

*Det. Juli P.*

Detective Julie Pitocchelli
Baltimore Police Department

Upon a finding that probable cause exists based upon the information supplied in this application, that the said individual is using the cellular phone number of 443-803-6749 for criminal activity and that the application will lead to evidence of the crime(s) under the investigation.

Sworn and Subscribed to before me this 5th of February, 2014.

~~Judge Barry G. Williams~~
~~Circuit Court for Baltimore City~~
Judge
Circuit Court for Baltimore City

TRUE COPY TEST

*[signature]*

FRANK M. CONAWAY, CLERK

| | | |
|---|---|---|
| IN THE MATTER OF AN APPLICATION | * | IN THE |
| OF THE STATE OF MARYLAND | * | CIRCUIT COURT |
| FOR AN ORDER AUTHORIZING THE | * | FOR |
| INSTALLATION AND USE OF A DEVICE | * | BALTIMORE CITY |
| KNOWN AS A PEN REGISTER / | * | STATE |
| TRAP & TRACE | * | OF MARYLAND |
| OVER    443-803-6749 | * | |

\* \* \* \* \* \* \*

## ORDER

Upon the foregoing Application of the State of Maryland for an Order authorizing the use of a device, known as a Pen Register \ Trap & Trace and Cellular Tracking Device to include cell site information, call detail, without geographical limits, **the Court finds that probable cause exists and that the applicant has certified that the information likely to be obtained by the use of the above listed device(s) is relevant to an ongoing criminal investigation**, To wit: Murder in the Second Degree

It is this 5th day of February, 2014

ORDERED, pursuant to Section 10-4B–04 of the Courts and Judicial Proceedings Article of the Maryland Code, that as part of a criminal investigation of Derrick Smith and others as yet unknown, the Baltimore Police Department (BPD), Drug Enforcement Agency (DEA), Federal Bureau of Investigations (FBI), United States Marshals Service (USMS), United States Secret Service (USSS), Immigration Customs Enforcement (ICE), Alcohol Tobacco and Firearms (ATF), Sytech, or any other designated law enforcement agency (hereinafter referred to as

- 1 -

"Agencies") are authorized to use for a period of sixty (60) days from the date of installation, a Pen Register \ Trap &Trace and Cellular Tracking Device to include cell site information, call detail, without geographical limits, which shall be installed and used within the jurisdiction of this Court, upon the telephone(s) having the number(s):443-803-6749, a AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider, telephone; and it is further

**ORDERED**, that the Agencies shall complete the necessary installation of the Pen Register \ Trap & Trace and Cellular Tracking Device, utilizing AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider providing service for the above listed target phone number, facilities, technical information and equipment, if required. The Agencies are authorized to employ surreptitious or duplication of facilities, technical devices or equipment to accomplish the installation and use of a Pen Register \ Trap &Trace and Cellular Tracking Device, unobtrusively and with a minimum of interference to the service of the subscriber(s) of the aforesaid telephone, and shall initiate a signal to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonably available, Global Position System Tracing and Tracking, Mobile Locator tools, R.T.T. (Real Time Tracking Tool), Precision Locations and any and all locations, and such provider shall initiate a signal to determine the location of the subject's mobile device on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent / agencies serving this order; and it is further.

**ORDERED,** that if requested by the agencies, AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider, direct the target telephone number to operate according to the Global System for Mobile Communications (GSM), Code Division Multiple Access (CDMA), or Integrated Digital Enhanced Network (iDEN) protocols as applicable; and it is further

**ORDERED,** that based upon specific and articulate facts, AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider providing service for the above listed target phone number, shall furnish the Agencies with all information, facilities, cell site locations with sector information, any and all equipment information including (but not limited to) mobile station identification (MSID), international mobile subscriber identifier (IMSI), electronic serial number (ESN), subscriber identity module (SIM), international mobile equipment identity (IMEI) and other equipment identifying number(s), subscriber and billing information including (but not limited to) the amount of money/minutes on prepaid phones, account information including (but not limited to) customer comments, remarks, or any other customer contact notations and other phone number[s] on the account, call history records, and technical assistance necessary to accomplish the installation and use of a Pen Register \ Trap & Trace and Cellular Tracking Device, unobtrusively and with a minimum of interference to the service of the subscriber(s) of the aforesaid telephone, and it is further

**ORDERED,** AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA

Verizon Wireless, Verizon; Cricket Communication, Inc; and / or any other Telecommunication service provider shall provide twenty four (24) hour technical support and implementation assistance; and it is further

**ORDERED,** AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider shall provide any and all historical billing and subscriber information listed to this number and line, and / or any number(s) and line(s) that this target number has been changed to within one hundred and eighty (180) days prior to the implementation of this order; and it is further

**ORDERED,** that the Agencies shall compensate AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider for reasonable expenses for services which the Company is providing; and it is further

**ORDERED,** AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider shall continue to provide the Agencies subscriber information of telephone numbers dialed from or to the aforesaid telephone, provided such request is made within ten (10) days of the expiration of the Order and provide up to 500 days of prior detailed call history information, of the aforesaid target telephone, only if requested by the Agency; and it is further

**ORDERED**, that Verizon of Maryland, Inc., Comcast, Cavalier, AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider shall provide the Agencies with subscriber information of published and non-published telephone numbers obtained from the aforesaid telephone, provided that the request for such information is made within ten (10) days of the expiration of this Order, and it is further

**ORDERED**, that AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider and its agents and employees are prohibited from disclosing to the subscriber(s) of the aforesaid telephone(s) or to any other person(s) the existence of this Application and Order, the existence of the investigation identified in the Application or the fact that the Pen Register \ Trap & Trace and Cellular Tracking Device to include cell site information, call detail, without geographical limits, is being installed and used upon the aforesaid telephone(s); and it is further

**ORDERED**, that the Order authorizing the installation and use of the devices apply not only to the presently assigned number(s) and line(s), but to any subsequent number(s), line(s) or service(s) assigned to replace the original number(s) or line(s); and that any change to the service(s), additional services, leased or purchased equipment, enhanced and/or special or custom feature(s), changing of mobile station identification (MSID), international mobile subscriber identifier (IMSI), electronic serial number (ESN), subscriber identity module (SIM), or international mobile equipment identity (IMEI) be disclosed to the Applicants; and it is further

**ORDERED** that during the effective period of this Order, AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider, shall not discontinue, suspend, or change the provision of service to the above-described telephone(s) for any reason, including but not limited to suspicion of fraud, or non-payment of outstanding bills without first providing notice to the Agencies, via the Federal Bureau of Investigation Baltimore Division at 410-265-8080 and without further providing the Agencies with the opportunity to assume the cost of any unpaid services provided by AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider. The Agencies shall pay the cost of any unpaid services provided by AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider with respect to the above-described cellular telephone(s), from the date AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider notifies the Agencies of its intention to discontinue, suspend or change the provision of service(s) to the phone(s), up until the date that the Agencies advises AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider that it will not or will no longer assume and pay the cost of continued unpaid service(s); and AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider will not sell or transfer the telephone number(s) or facility(ies) without prior notice to the Agency; and it is further

**ORDERED** that AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider provide the Agency with identical services to those received by the subscriber(s), including all communications transmitted over the telephone(s) that the subscriber(s) receive(s), regardless of which other communications common carrier'(s) facilities are involved; and it is further

**ORDERED** that AT&T; Sprint / Nextel; Virgin Mobile; T-Mobile; Cellco Partnership, DBA Verizon Wireless, Verizon; Cricket Communications, Inc; and / or any other Telecommunication service provider provide the Agency with all call data content, transactional/call, data/call detail and cell site data simultaneous with all communications over 443-803-6749; and it is further

**ORDERED**, that this Order and Application be sealed until further Order of the court.

Judge Barry G. Williams
Circuit Court for Baltimore City
Signed _____ original document

**JUDGE**

**CIRCUIT COURT FOR BALTIMORE CITY**

Signed on this the 5th day of February, **2014**

**TRUE COPY TEST**

FRANK M. CONAWAY, CLERK

- 7 -